UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID R. FLOOD, *Administrator / Executive Director – The Nittany Liger Collegiate Athletes' Corps. & National Scouting Aegis LLC*, : CIVIL NO. 1:15-CV-00890
    Plaintiff :
    v. :
NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, *et al.*, :
    Defendants

*O R D E R*

AND NOW, this 30th day of September, 2015, upon consideration of Chief Magistrate Judge Carlson's Reports and Recommendations (Docs. 24 & 25), recommending that the defendants' motions to dismiss (Docs. 10 & 11) be respectively granted and plaintiff's "motion for next friend standing" (Doc. 22) be denied, and, after an independent review of the record, and noting that plaintiff filed what we liberally construe as an objection[1] (Doc. 26) to the recommendations that the defendants' motions be granted, and the Court finding Judge Carlson's overall analysis to be thorough, well-reasoned, and supported by the record, and the Court further finding plaintiff's "objection"[2] to be without merit, IT IS ORDERED that:

---

[1] Where objections to a Magistrate Judge's report and recommendation are filed, the Court must perform a *de novo* review of the contested portions of the report. *Supinski v. United Parcel Serv.*, No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(C)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" *Id.* (citing *Shields v. Astrue*, No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

[2] The plaintiff "objects" to Judge Carlson's recommendations by appearing to argue that the equitable doctrine of unclean hands should operate to wholly bar the defendants from succeeding on their dismissal motions. (See Docs. 26 & 27). The doctrine of unclean hands is "a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith

(1) The Reports and Recommendations of Judge Carlson (Docs. 24 & 25) are ADOPTED, with the exception of his discussion of Federal Rule of Civil Procedure 41 (see Doc. 25 at 6-11).

(2) The Plaintiff's "Objection" (Doc. 26) is OVERRULED.

(3) The Defendants' Motions to Dismiss (Docs. 10 & 11) are GRANTED.

(4) The Plaintiff's "Motion for Next Friend Standing" (Doc. 22) is DENIED.

(5) The Plaintiff's Complaint (Doc. 1) is DISMISSED and leave to amend is DENIED as futile.

(6) The Clerk of Court shall CLOSE this case.

                                        /s/ William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

---

relative to the matter in which he seeks relief, however improper may have been the behavior of [the other party or parties]." *Mfg. Co. v. Aut. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945). In raising the doctrine, plaintiff does not contend that the defendants, for example, acted in bad faith in moving for dismissal; instead, plaintiff merely seeks to have the doctrine applied to an analysis of the defendant's arguments and legal defenses set forth in their dismissal motions, which is improper. *See generally, Ghrist v. CBS Broadcasting, Inc.*, 40 F.Supp.3d 623, 629 n. 3 (W.D. Pa. 2014)("This equitable doctrine [of unclean hands] has no application to an analysis of the Defendant's legal defenses to the Plaintiff's Amended Complaint based on the argument that the Plaintiff did not file his Amended Complaint within the proper statute of limitations period.").